# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

MAE GRAY, INDIVIDUALLY AND ON
BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF ANNIE PICKENS,                          PLAINTIFFS,

VS.                                          CIVIL ACTION NO. 3:05CV127-P-A

MARINER HEALTH CENTRAL, INC.,
ET AL.,                                                  DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' Motion for Summary Judgment [9-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Annie Pickens resided at the defendants' nursing home from October 8, 2002 to April 19, 2003. She died on April 20, 2003. Mae Gray, individually and on behalf of the wrongful death beneficiaries of Annie Pickens, filed her first wrongful death suit predicated on medical malpractice against the nursing home defendants in the Circuit Court of Marshall County, Mississippi on August 30, 2004. On January 10, 2005, the defendants removed the first case to federal court. On January 19, 2005 one of the defendants filed a motion to dismiss. On February 7, 2005 the plaintiffs responded to the motion and agreed to dismiss the action without prejudice to allow the plaintiffs to comply with the requirements for medical malpractice actions by giving 60 days notice of intent to sue and by certifying that a medical expert was consulted before filing a lawsuit. The defendants replied that the case should be dismissed with prejudice. On August 5, 2005 the court dismissed the first case without prejudice.

1

On October 17, 2005, some two months later, the plaintiffs filed the instant suit in federal court.

The defendants moved for summary judgment, arguing that Miss. Code Ann. § 15-1-36's two-year statute of limitations period for medical malpractice actions bars the plaintiffs' second case. The plaintiffs filed their response and the defendant filed a reply. Shortly thereafter, the plaintiffs filed a Consolidated Motion for Leave to Supplement, Supplemental Response to Defendants' Motion for Summary Judgment, Motion for Continuance Under Rule 56(f), and Brief in Support Thereof. This began an entirely new round of briefing, including the defendants' response, the plaintiffs' reply, and the defendants' surreply. Essentially, the plaintiffs' consolidated motion does nothing more than reargue their original arguments in addition to two new, alternative arguments that the discovery rule saves the plaintiffs' case and/or the plaintiffs need a continuance under Fed. R. Civ. P. 56(f) to allow for discovery to take place on the statute of limitations question. The court admonishes plaintiffs' counsel to utilize the traditional methods of briefing in the future, including filing a motion for permission to supplement before doing so, as well as not consolidating several motions into one. Nevertheless, since the court had to go through the extra round of briefing to apprise itself of the relief requested therein, the court will address all four of the plaintiff's arguments.

First, the plaintiff argues that the discovery rule tolled the statute of limitations in this case until she received the medical records. The discovery rule for medical malpractice actions states that "[t]he two-year statute of limitations does not commence running until the patient discovers or should have discovered that he has a cause of action...." *Sanders*, 485 at 1052. The plaintiff cites *Sarris v. Smith*, 782 So.2d 721 (Miss. 2001) as an example of a case in which the limitations period

did not begin to run at the plaintiff's death but rather when the medical records evidencing medical negligence were obtained. However, this case is readily distinguishable from that in *Sarris* simply because, unlike the situation in *Sarris*, the plaintiff in this case actually filed a lawsuit based on her current claims before she obtained the medical records. Furthermore, the plaintiff in *Sarris* was never present during her husband's treatment nor did she even know the treating physician's name until she obtained the medical records. Thus, the court concludes that the discovery rule is inapplicable to the facts of this case.

Second, the plaintiff argues that the savings clause found in Miss. Code Ann. § 15-1-69 gave her an extra year to file her suit. This statute provides in pertinent part that:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated ...for any matter of form ... plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit ....

The plaintiff argues that her voluntary dismissal in the first case was a "matter of form." Mississippi case law does not support this argument. In *W.T. Raleigh Co. v. Barnes*, 109 So. 8, 9 (Miss. 1926) the Court held that a voluntary dismissal where counsel agreed to the dismissal and referred to it as a nonsuit was not a matter of form for the purposes of the savings clause. *See also Smith v. Copiah County, Mississippi*, 100 So.2d 614, 616 (Miss. 1958) (quoting *Raleigh*). More recently, the Court in *Lee v. Thompson*, 859 So.2d 981, 990 n. 8 (Miss. 2003) concluded that a dismissal without prejudice with leave to refile within thirty days was a motion on the merits and not one "as to form" with regard to § 15-1-69. In any event, the Court in *Owens v. Mai*, 891 So.2d 220, 223-24 (Miss.2005) held that "[t]he savings statute cannot save a complaint from the expiration of the applicable statute(s) of limitations. To allow otherwise would circumvent the effect and purpose of

the statutes of limitation."

Third, the plaintiffs' motion for a Rule 56(f) continuance should be denied because the plaintiff has not demonstrated exactly what she intends to learn from discovery that would speak to the statute of limitations issue. Furthermore, this court does not agree that the question of whether a cause is barred by the statute of limitations is necessarily a question of fact. In *Smith v. Sanders*, 485 So.2d 1051, 1053 (Miss. 1986), the Mississippi Supreme Court wrote:

> Occasionally the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion. ... [T]he question of the running of the statute of limitations to bar an action may also be the subject of a summary judgment if there exists no genuine issue of material fact concerning the question.

In the circumstances of this case, the court concludes that there is no genuine issue of material fact with regard to the question of whether the statute of limitations bars the instant action. Moreover, the court finds the argument regarding Rule 56(f) continuance moot since, as will be explained below, the court finds that the statute of limitations has not run in this case.

Finally, the court concludes that the plaintiffs' primary argument that the statute of limitations has not run because the first complaint tolled the limitations period is sustained. It is undisputed that the Court in *Owens v. Mai* observed that "the filing of a complaint tolls the statute of limitations...." 891 So.2d at 223. Ms. Pickens died on April 20, 2003. The two-year clock began ticking. The plaintiff filed her first action on August 30, 2004, leaving approximately 233 days remaining on the two-year clock. With the filing of the first complaint, the clock stopped. It resumed ticking when the court dismissed the first action without prejudice on August 5, 2005. Mississippi law is clear that a voluntary dismissal does not toll the statute of limitations period. *Raleigh*, 109 So.

at 9; *Smith v. Copiah County*, 100 So.2d at 616. Thus, the clock began ticking once again on that date. At that time, there were still 233 days remaining on the clock. The plaintiff then filed her second suit on October 17, 2005, approximately 160 days within the two-year statute of limitations period. Accordingly, the defendant's motion for summary judgment should be denied.[1]

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [9-1] is **DENIED**.

**SO ORDERED** this the 12th day of September, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The defendants cite *Taylor v. Bunge Corp.*, 775 F.2d 617 (5th Cir. 1985) for the proposition that a voluntary dismissal renders a case as having never been filed for the purposes of the statute of limitations, thereby not allowing the filing of the complaint to toll the limitations period. However, *Taylor* is inapposite since it was decided upon Louisiana law and not Mississippi law. The defendants also cite *Gentry v. Wallace*, 606 So.2d 1117, 1123 (Miss. 1992) for the proposition that the statute of limitations period in wrongful death actions begins to run upon the death of the plaintiff. The decision in *Gentry*, however, was overruled in *Jenkins v. Pensacola Health Trust, Inc.*, 933 So.2d 923, 926 (Miss. April 27, 2006) (holding that the statute of limitations period for a wrongful death action does not begin to run upon the death of the plaintiff but rather upon the same time-frame as the tort upon which the wrongful death action is predicated). In any event, the defendants have cited no binding authority vitiating the rule that the filing of a complaint tolls the statute of limitations period even though a voluntary dismissal does not.